IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| NADIA WINSTON | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:24-CV-00598-AGD |
| | § | |
| HON PARTNERS II LLC, et al. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the court is *pro se* Plaintiff Nadia Winston's ("Plaintiff") Motion for Continuation (Dkt. #13), Defendant Marissa Mulvaney's ("Defendant Mulvaney") Motion to Dismiss Plaintiff's Filing (Dkt. #14), and Plaintiff's Motion to Counteract Defense Motion to Dismiss (Dkt. #27). Having reviewed the pending Motions, and all relevant pleadings, the court finds that Plaintiff's Motion for Continuation (Dkt. #13) should be construed as an Amended Complaint, Defendant Mulvaney's Motion to Dismiss (Dkt. #14) should be granted, and Plaintiff's Motion to Counteract Defense Motion to Dismiss should be construed as a Response to the Motion to Dismiss.

## BACKGROUND

On April 26, 2024, Plaintiff filed a state court petition against Defendants HON Partners II LLC and Mulvaney in the Collin County Court at Law No. 6 in Collin County, Texas under Case No. 006-01660-2024, styled *Nadia Winston v. Hon Partners II LLC ET AL* (Dkt. #1, Exhibit 2 at p. 2; Dkt. #4).[1] Plaintiff's Complaint alleges the basis for federal question jurisdiction is "Civil Law Discrimination, retaliation, defamation of Character, Landlord and Tenant Contract Breach, Violation of Lease, Discrimination and negligence with mold and mildew in home; violation of Violence Against Women's Act." (Dkt. #4 at p. 4) (errors in original).

---

[1] Nothing in the record reflects that Plaintiff has served Defendant HON Partners II LLC. Accordingly, this Order only addresses Defendant Mulvaney.

On July 1, 2024, Defendant Mulvaney removed the instant lawsuit on the basis of federal question jurisdiction (Dkt. #1 at p. 2). Plaintiff's entire factual basis in the Complaint is as follows:

> Defendant and other HON Staff discriminated based on race, sex (Violence Against Women's Act, disability, retaliated, falsified information, defamation of character landlord and tenant breach of contract, stole money from plaintiff, caused health concerns for disabled children and adults – negligent maintenance – mold and mildew, harassed, stalked and several other constitutional, illegal practices.

(Dkt. #4 at p. 5) (errors in original).

On July 13, 2024, Defendant Mulvaney filed a Motion for a More Definite Statement because "Defendant does not even have enough information to understand the conduct Plaintiff attributes to her, the claims that correlate to the unidentified conduct, whether the claims arise under state or federal law, and whether Plaintiff is asserting claims against Defendant in her individual capacities and/or [her] official capacities." (Dkt. #7). On August 1, 2024, the court granted Defendant's Motion for a More Definite Statement and ordered Plaintiff to "file an Amended Pleading within 30 days." (Dkt. #9). The court admonished Plaintiff that failure to comply with the order may result in a recommendation of dismissal of Plaintiff's lawsuit. (Dkt. #9).

On August 16, 2024, Plaintiff filed the pending Motion for Continuation (Dkt. #13). Given that Plaintiff is proceeding *pro se*, the court will liberally construe her motion as an Amended Complaint. *See Kaines v. Kerner*, 404 U.S. 519, 520 (1972) (noting that courts "hold [*pro se* pleadings] to less stringent standards than formal pleadings drafted by lawyers"). In Response to the court's order, Plaintiff's Amended Complaint gives the factual background and similar allegations as in her Complaint, and the Amended Complaint concludes by stating that "[Plaintiff] still seeks litigation against HON Partners." (Dkt. #13 at p. 16).[2]

---

[2] Plaintiff's Amended Complaint also directs accusations at the Dallas Housing Authority, Luz Ochoa, Vanessa LaVallais, and Kelsey Outram, but such entity and individuals are not parties to this lawsuit.

MEMORANDUM OPINION AND ORDER – Page 2

On August 30, 2024, Defendant Mulvaney filed a Motion to Dismiss Plaintiff's Filing (Dkt. #14). Defendant Mulvaney contends Plaintiff's case should be dismissed because she failed to amend her pleading as ordered by the court, or alternatively, Plaintiff's case should be dismissed pursuant to Federal Rules of Civil Procedure 8, 12(b)(6), and 9(b) (Dkt. #14 at p. 1). Defendant Mulvaney also argues she should be dismissed from the case because Plaintiff does not allege any cognizable claim against her (Dkt. #14 at p. 7).

On December 20, 2024, having received no responsive pleading from Plaintiff regarding the Motion to Dismiss, the court ordered Plaintiff to file a Response within 20 days (Dkt. #22). The court noted that "[f]ailure to file a Response will create a presumption that Plaintiff 'does not controvert the facts set out by [Defendant Mulvaney] and has no evidence to offer in opposition to the motion." (Dkt. #22) (citing LOCAL R. CV-7(d)). Plaintiff did not file a Response within the allotted timeframe.

However, on January 27, 2025, Plaintiff filed a Motion for Protective Order and Notice of Change of Address (Dkt. #24). In this Motion, Plaintiff stated that she has had trouble receiving email notifications from the Clerk of Court, and that she was unable to retrieve her mail in a timely manner (Dkt. #24 at p. 1, Sealed).

On February 19, 2025, Defendant Mulvaney filed a Confirmation of Service (Dkt. #26). Through this Confirmation, Defendant Mulvaney confirmed that on August 30, 2024, she attempted to serve the Motion to Dismiss on Plaintiff through First-Class US Mail and CMRRR at her address of record, both of which were returned as "attempted not known – unable to forward." (Dkt. #26 at p. 1). Defendant Mulvaney stated: "On February 4, 2025, out of an abundance of caution, Defendant emailed the Motion to Dismiss to Plaintiff at [Plaintiff's email address], the same email address Plaintiff has been communicating with Defendant since the

beginning of the case. Plaintiff and Defendant communicated briefly via email regarding the Motion to Dismiss." (Dkt. #26 at p. 2). Plaintiff acknowledged receipt of the email containing the Motion to Dismiss (Dkt. #26, Exhibit 1). Defendant Mulvaney noted that, after communicating with Plaintiff about the Motion to Dismiss, Plaintiff filed a Notice of Consent to Receive E-Notifications at the same email address Defendant Mulvaney used to communicate with Plaintiff (Dkt. #26 at p. 2).

On March 19, 2025, Plaintiff filed a Motion to Counteract Defense Motion to dismiss (Dkt. #27), which the court construes as a Response to Defendant Mulvaney's Motion to Dismiss. Plaintiff's Response addresses several issues raised by Defendant Mulvaney including "Plausible Claims for Relief," "Plausibility Pleadings Threats to Novel Housing Act Legal Claims," "Prose Parents May Represent their Children in Court," "Violence Against Women's Act Claims," and "Defense Attorney Falsifying Court Documentation."[3]

## LEGAL STANDARD

At minimum, a complaint must satisfy the pleading standard of Federal Rule of Civil Procedure 8. That is, the complaint

> must contains: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

FED. R. CIV. P. 8(a)(1)–(3). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-

---

[3] The court finds that the sanctions Plaintiff seeks against Defendant Mulvaney's counsel are inappropriate. Plaintiff asserts Defendant Mulvaney's counsel falsified court documents in this case by filing a court order. Plaintiff is mistaken. Rather than submit falsified court documents, Defendant Mulvaney's counsel filed a Proposed Order as required by the court's Local Rules. The aspersions cast upon Defendant Mulvaney's counsel are unwarranted, and Plaintiff's request for sanctions will not be entertained.

harmed-me accusation." *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"To survive a motion to dismiss [pursuant to Federal Rule of Civil Procedure 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).[4] A court generally may not "go outside the complaint" in considering a Rule 12(b)(6) motion but may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citation omitted); *Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003).

## ANALYSIS

Plaintiff's Complaint alleges several causes of action. Specifically, Plaintiff alleges federal question jurisdiction under 28 U.S.C. § 1331 based on "Civil Law Discrimination, retaliation, defamation of character, Landlord and Tenant Contract Breach, Violation of Lease, Discrimination and negligence with mold and mildew in home; violation of Violence Against Women's Act." (Dkt. #4 at p. 4).[5] Plaintiff also alleges Defendants "falsified information." (Dkt. #4 at p. 5). Defendant Mulvaney moved to dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 8, 12(b)(6) and 9(b) (Dkt. #14). The court has jurisdiction to consider Plaintiff's federal causes of action pursuant to 28 U.S.C. § 1331. The court also has the discretion to exercise

---

[4] To assess the sufficiency of a complaint, the court first identifies conclusory allegations and disregards them, for they are "not entitled to the assumption of truth," and then considers whether the remaining allegations "plausibly suggest an entitlement to relief." *Iqbal*, 556 U.S. at 681. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678).

[5] The court acknowledges the Amended Complaint (Dkt. #13) is the live pleading. However, the Complaint succinctly delineates the causes of action while the Amended Complaint buries the causes of action in a narrative format.

MEMORANDUM OPINION AND ORDER – Page 5

supplemental jurisdiction over Plaintiff's state law causes of action. 28 U.S.C. § 1367 ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."). The court will exercise supplemental jurisdiction and address Plaintiff's allegations in turn below.

### 1. *"Civil Law Discrimination" and "Discrimination"*

It is unclear under which theory of liability Plaintiff alleges "Civil Law Discrimination" and "Discrimination." Plaintiff's Amended Complaint states: "HON Partners discriminated based on race . . . ." (Dkt. #13 at p. 1). Plaintiff's Complaint did not explain if "Civil Law Discrimination" and "Discrimination" are allegedly in violation of the Fourteenth Amendment, the Fair Housing Act, or the American's With Disabilities Act, for example. Plaintiff's Amended Complaint similarly fails to allege a cognizable theory under which she asserts "Civil Law Discrimination" or "Discrimination."

In light of Plaintiff's Amended Complaint, the theory for recovery related to "Civil Law Discrimination" and "Discrimination" remains unclear. It is a plaintiff's burden to plausibly allege each cause of action under Federal Rules of Civil Procedure 8 and 12(b)(6). Without advancing a particular theory of recovery, Plaintiff has not given Defendant Mulvaney fair notice of the allegations against her. *See Johnson v. Aurora Loan Servs., LLC*, No. H-15-755, 2015 WL 5009228, at *4 (S.D. Tex. Aug. 21, 2015) ("[Plaintiff] must give fair notice of the causes of action he wants to advance.") (citing *Twombly*, 550 U.S. at 555). Plaintiff's Response appears to assert discrimination claims under FHA, but such allegations are not tied to any act or omission of Defendant Mulvaney. Indeed, Defendant Mulvaney's name does not appear anywhere in the Amended Complaint or the Response.

It is not for courts or defendants "to guess under what theories the plaintiff seeks recovery, nor [to] consider every conceivable claim to see if the plaintiff has pled facts to support the elements of the possible claim. To do so is to carry plaintiff's burden to plead facts that state a claim upon which relief could be granted." *Johnson*, 2015 WL 5009228, at *4. Accordingly, because Plaintiff has failed to allege a theory under which she seeks recovery, her causes of action for "Civil Law Discrimination" and "Discrimination" as to Defendant Mulvaney are dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

### 2. *"Retaliation"*

Plaintiff's Amended Complaint advances no legal theory of recovery for retaliation. Rather, Plaintiff makes several conclusory statements that she has been retaliated against. For example, Plaintiff alleges the following with respect to her retaliation claim: (1) "HON Partners . . . retaliated after tenant advocacy and complaint to legal authorities"; (2) HON Partners "partnered with Dallas Housing Authority to commit discrimination and retaliation against tenant and to keep tenant stuck in home"; (3) HON Partners "removed positive standing on time monthly payments from credit history out of retaliation"; (4) HON Partners charged fees out of retaliation; (5) "Luz Ochoa started retaliating" "after [Plaintiff] advocated and spoke out"; (6) "Luz Ochoa then retaliated by falsely stating that [Plaintiff] owed a payment of [$]562.00"; (7) "These dates aren't in alignment to further clarify the intentional partnership retaliatory and discriminatory acts committed by HON Partners and Dallas Housing Authority"; (8) "HON Partners removed the god [*sic*] credit standing rapport [*sic*] out of retaliation"; (9) "HON Partners are intentionally forging and falsifying fees on [Plaintiff's] account to withhold deposit payment in the event that [Plaintiff] moves out. This is another form of retaliation"; and (10) "The reason for the explanation . . . was

to attest to HON Partners being co-conspirators with Dallas Housing Authority to retaliate" against Plaintiff (Dkt. #13 at pp. 1, 2, 3, 10, 11, 15). Plaintiff's Response provides no further clarity.

Plaintiff does not provide any legal basis for her allegations, nor does she provide factual support. More importantly, as demonstrated by the examples included above, Plaintiff has not asserted any actions allegedly committed by Defendant Mulvaney. For the same reasons Plaintiff's discrimination causes of action are dismissed, Plaintiff's retaliation cause of action against Defendant Mulvaney is dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

3. **"Defamation of Character"**

In Texas, to properly assert a claim for defamation, Plaintiff must allege "(1) the defendant published a statement; (2) that was defamatory concerning the Plaintiff; (3) while acting with malice, if the plaintiff was a public figure, or negligence, if the plaintiff was a private individual, regarding the truth of the statement." *Encompass Off. Sols., Inc. v. Ingenix, Inc.*, 775 F. Supp. 2d 938, 958 (E.D. Tex. 2011) (first citing *Udoewa v. Plus4 Credit Union*, 754 F. Supp. 2d 850, 866–67 (S.D. Tex. 2010); and then citing (*WFAA-TV, Inc. v. McLemore*, 978 S.W.2d 568, 571 (Tex. 1998)). "A defamatory statement is one in which the words tend to damage a person's reputation, exposing him or her to public hatred, contempt, ridicule, or financial injury." *Id.* (internal citation omitted). "The Pleadings for a defamation claim must be sufficiently detailed to the extent necessary to enable the defendant to respond." *Id.* (internal citations omitted).

Plaintiff merely states "defamation of character" twice in the Complaint (Dkt. #4 at pp. 4, 5), not at all in the Amended Complaint (Dkt. #13) nor in the Response (Dkt. #27). While the court could possibly scour Plaintiff's Amended Complaint to find the elements of defamation, it need not do so. *See Johnson*, 2015 WL 5009228, at *4 ("To do so is to carry plaintiff's burden to plead facts that state a claim upon which relief could be granted."). Additionally, having reviewed the

Amended Complaint, and all relevant pleadings, Plaintiff has not asserted any action allegedly committed by Defendant Mulvaney. Therefore, Plaintiff's cause of action for defamation of character, as it pertains to Defendant Mulvaney, is dismissed for failure to state a claim upon which relief can be granted.

### 4. *"Landlord and Tenant Contract Breach" and "Violation of Lease"*

"In Texas, '[t]he essential elements of a breach of contract action are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach.'" *Smith Intern., Inc. v. Egle Grp., LLC*, 490 F.3d 380, 387 (5th Cir. 2007) (quoting *Valero Mktg. & Supply Co. v. Kalama Int'l, L.L.C.*, 51 S.W.3d 345, 351 (Tex. App.—Hous. [1st Dist.] May 3, 2001)). "As a general rule, the benefits and burdens of a contract belong solely to the contracting parties." *First Bank v. Brumitt*, 519 S.W.3d 95, 102 (Tex. 2017) (citing *House v. Hous. Waterworks Co.*, 31 S.W. 179, 179 (Tex. 1895)).

Having mentioned Defendant Mulvaney nowhere in the pleadings, Plaintiff has not established that Defendant Mulvaney was a party to the Landlord–Tenant relationship or the alleged lease agreement. Indeed, Plaintiff claims that she "signed a lease agreement with HON Partners LLC. This is a contract with Dallas Housing Authority as a third-party agency." (Dkt. #13 at p. 1). Thus, by Plaintiff's own admission, Defendant Mulvaney is not a party to the contract, and therefore, she is not liable for breach of contract. As such, Plaintiff's assertion of "Landlord and Tenant Contract Breach" and "Violation of Lease" as to Defendant Mulvaney are dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

### 5. *"Negligence with Mold and Mildew in Home"*

In Texas, to establish a negligence cause of action, Plaintiff must show "the existence of a legal duty, a breach of that duty, and damages proximately caused by the breach." *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540–41 (5th Cir. 2005) (internal quotation marks and citation omitted). "[A] plaintiff must show that a defendant either did something an ordinarily prudent person exercising ordinary care would not have done under the circumstances, or that the defendant failed to do that which an ordinarily prudent person would have done in the exercise of ordinary care." *Id.*

Plaintiff's Amended Complaint only mentions negligence once: "[Plaintiff] consistently report[s] ceiling leaks, plumbing issues, and other maintenance related issues from HON Partners [*sic*] negligence." (Dkt. #13 at p. 2). Attached to Plaintiff's Response is a Mold Assessment Report (Dkt. #27, Exhibit 1). While this report details the findings of the inspection, it does not tie any of the findings to Defendant Mulvaney, nor does Plaintiff connect the inspection findings to Defendant Mulvaney.

Thus, as with each of Plaintiff's causes of action addressed, *supra*, Plaintiff failed to allege any actions of Defendant Mulvaney in connection with her negligence cause of action. Accordingly, Plaintiff has not met her burden of alleging a plausible right to relief, and Plaintiff's alleged negligence against Defendant Mulvaney is dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

### 6. *"Violation of Violence Against Women's Act"*

Similar to the causes of action discussed above, Plaintiff's Amended Complaint only alleges actions on the part of HON Partners. For example, Plaintiff alleges "HON Partners violated the Violence Against Women's Act by not signing the good standing letter dated 02/02/2024

knowing the circumstances through communication in regards [*sic*] to an emergency move for [t]he Violence Against Women's Act." (Dkt. #13 at p. 11); *see also* (Dkt. #13 at p. 13). Likewise, Plaintiff's Response only alleges actions of HON Partners in relation to her communications about the Violence Against Women Act.

Without providing any case law or statutory authority to support her allegations, the court and Defendant Mulvaney are left to guess at Plaintiff's theory of recovery. The burden is on Plaintiff at the pleading stage, and she has not carried her burden to plausibly allege that she is entitled to relief. Regardless, Plaintiff's Amended Complaint and Response clearly establish that her cause of action, if actionable, is against HON Partners, not Defendant Mulvaney. Accordingly, Plaintiff's cause of action for violations of the Violence Against Women Act, as it relates to Defendant Mulvaney, is dismissed.

### 7. *"Falsified Information"*

Finally, Plaintiff alleges a cause of action for "falsified information" or fraud. Federal Rule of Civil Procedure 9(b) requires Plaintiff to meet a higher pleading standard for allegations of fraud. "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). "Courts have required parties to plead the circumstances constituting fraud to include the 'who, what, when, where, and how of the fraud or misrepresentation.'" *Briscoe v. Jaguar Land Rover N. Am.*, No. 4:23-CV-00260-ALM-AGD, 2024 WL 3723944, at *11 (E.D. Tex. July 3, 2024), *report and recommendation adopted*, No. 4:23-CV-00260-ALM-AGD, 2024 WL 4267189 (E.D. Tex. Sept. 23, 2024) (quoting *Pace v. Cirrus Design Corp.*, 93 F.4th 879, 889 (5th Cir. 2024)).

Plaintiff's Amended Complaint states that "Luz Ochoa then retaliated by falsely stating that [Plaintiff] owed a payment of [$]562.00." (Dkt. #13 at p. 3). Plaintiff also claims that "HON

Partners are intentionally forging and falsifying fees on [Plaintiff's] account to withhold deposit payment in the event that [Plaintiff] moves out." (Dkt. #13 at p. 11). Finally, Plaintiff alleges that "HON Partners falsified late charge fees on the HON Partners website network for the months of April 2024 and June 2024." (Dkt. #13 at p. 12). When Plaintiff mentions fraudulent fees, she claims that HON Partners or Dallas Housing Authority committed the alleged fraudulent acts (Dkt. #13 at pp. 2, 7, 10, 12).

Without addressing the "what, when, where, and how of the fraud or misrepresentation," the court notes that the "who" of Plaintiff's fraud claim cannot survive the instant Motion to Dismiss because Plaintiff fails to allege with particularity any action taken on the part of Defendant Mulvaney. Because Plaintiff has failed to plead how Defendant Mulvaney allegedly committed fraud, her fraud cause of action against Defendant Mulvaney is dismissed.

## LEAVE TO AMEND

"Generally, . . . a pro se litigant should be offered an opportunity to amend his complaint before it is dismissed." *Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009). "Granting leave to amend is not required, however, if the plaintiff has already pleaded his 'best case.'" *Id.* "[P]leading review is not a game where the plaintiff is permitted to file serial amendments until he finally gets it right." *Whiddon v. Chase Home Fin., LLC*, 666 F. Supp. 2d 681, 693 (E.D. Tex. 2009) (quoting *U.S. ex rel. Adrian v. Regents of the Univ. of Cal.*, 363 F.3d 398, 404 (5th Cir. 2004)). An opportunity to replead is "unnecessary where the facts alleged are 'fantastic or delusional scenarios' or where the legal theory upon which a complaint relies is 'indisputably meritless.'" *Gregory v. McKennon*, 430 F. App'x 306, 308 (5th Cir. 2011) (internal citations omitted).

Here, Plaintiff was put on notice that her allegations against Defendant Mulvaney were insufficient when Defendant Mulvaney filed, and the court granted, the Motion for a More Definite Statement (Dkt. #7; Dkt. #9). Plaintiff was informed that her claims were too "vague or ambiguous." (Dkt. #9). In response to the court's order, Plaintiff filed the Amended Complaint, providing information about the actions of several people and entities, but none of Defendant Mulvaney. Plaintiff has already been given an opportunity to amend her Complaint. Plaintiff's Amended Complaint and Response make it clear that Plaintiff's allegations, if actionable, are against parties other than Defendant Mulvaney. Plaintiff has already pleaded her best case. Thus, the court finds that allowing Plaintiff to file a Second Amended Complaint as to Defendant Mulvaney would be futile.

## CONCLUSION

For the foregoing reasons, the court holds that Defendant's Motion to Dismiss Plaintiff's Filing (Dkt. #14) is **GRANTED**, and Plaintiff's case is **DISMISSED WITH PREJUDICE** as to Defendant Mulvaney only. Any request for relief as to Defendant Mulvaney not addressed herein is denied as **MOOT**. The Clerk of Court is **ORDERED** to construe Plaintiff's Motion for Continuation (Dkt. #13) as an Amended Complaint. The Clerk of Court shall terminate any motion associated with Docket Entry #13.

**IT IS SO ORDERED.**

**SIGNED this 20th day of March, 2025.**

_____
AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE