IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| NADIA WINSTON, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. 4:24-CV-00598-AGD |
| § | |
| HON PARTNERS II LLC, et al., § | |
| § | |
| Defendants. § | |

## MEMORANDUM OPINION AND ORDER

On April 26, 2024, Plaintiff filed a state court petition against Defendants HON Partners II LLC and Mulvaney in the Collin County Court at Law No. 6 in Collin County, Texas under Case No. 006-01660-2024, styled *Nadia Winston v. Hon Partners II LLC ET AL* (Dkt. #1, Exhibit 2 at p. 2; Dkt. #4). Plaintiff's Complaint alleges the basis for federal question jurisdiction is "Civil Law Discrimination, retaliation, defamation of Character, Landlord and Tenant Contract Breach, Violation of Lease, Discrimination and negligence with mold and mildew in home; violation of Violence Against Women's Act." (Dkt. #4 at p. 4) (errors in original).

On July 1, 2024, Defendant Mulvaney removed the instant lawsuit on the basis of federal question jurisdiction (Dkt. #1 at p. 2). Plaintiff's entire factual basis in the Complaint is as follows:

> Defendant and other HON Staff discriminated based on race, sex (Violence Against Women's Act, disability, retaliated, falsified information, defamation of character landlord and tenant breach of contract, stole money from plaintiff, caused health concerns for disabled children and adults – negligent maintenance – mold and mildew, harassed, stalked and several other constitutional, illegal practices.

(Dkt. #4 at p. 5) (errors in original).

Defendant Mulvaney's Notice of Removal states that she is "the only defendant properly joined/served" in this civil action (Dkt. #1 at p. 2). At the time of removal, Defendant HON

Page 1

Partners II LLC had not been served. *See* (Dkt. #1, Exhibit 2, Exhibit 9). On July 13, 2024, Defendant Mulvaney noted that Defendant HON Partners II LLC had not yet been served in her Motion for a More Definite Statement (Dkt. #7 at p. 1, n.1). On August 30, 2024, in her Motion to Dismiss, Defendant Mulvaney again raised the issue that Defendant HON Partners II LLC had yet to be served (Dkt. #14 at p. 7). Then, on March 20, 2025, the court issued a Notice of Impending Dismissal and admonished that the "notice serves to inform Plaintiff that this action shall be dismissed without prejudice as to the unserved Defendants unless Plaintiff completes service of process by the date specified below and in accordance with Federal Rule of Civil Procedure 4(m)." (Dkt. #28 at p. 1). The order gave Plaintiff until April 3, 2025, to serve Defendant HON Partners II LLC (Dkt. #28 at p. 1). The order also admonished: "Failure to respond will result in dismissal of this case for failure to prosecute as to Defendant HON Partners II LLC." (Dkt. #28 at p. 2). Finally, a Memorandum Opinion and Order was entered on March 20, 2025, dismissing Defendant Mulvaney from the instant lawsuit (Dkt. #29). The Memorandum Opinion and Order noted that "[n]othing in the record reflects that Plaintiff has served Defendant HON Partners II LLC." (Dkt. 29 at p. 1, n.1). Accordingly, Plaintiff was put on notice—on at least five separate occasions—that she had not served Defendant HON Partners II LLC; yet, service has still not occurred.

      A court may dismiss an action for failure to prosecute or to comply with any court order. *Campbell v. Wilkinson*, 988 F.3d 798, 800 (5th Cir. 2021); *see also* FED. R. CIV. P. 41(b). The exercise of the power to dismiss for failure to prosecute is committed to the sound discretion of the court, and appellate review is confined solely to whether the court abused its discretion. *Green v. Forney Eng'g Co.*, 589 F.2d 243, 247 (5th Cir. 1979) (citation omitted); *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) (citation omitted). "Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also *sua sponte*

Page 2

dismiss an action whenever necessary to 'achieve the orderly and expeditious disposition of cases.'" *Anthony v. Marion Cnty. Gen. Hosp.*, 617 F.2d 1164, 1167 (5th Cir. 1980) (citation omitted).

As discussed above, Plaintiff has failed to comply with the court's Order. Indeed, more than 60 days have passed since the court admonished Plaintiff that Defendant HON Partners II LLC would be dismissed if Plaintiff did not effect service. Accordingly, the present case should be dismissed without prejudice as to Defendant HON Partners II LLC under Federal Rule of Civil Procedure 41(b) for failure to comply with court orders. FED. R. CIV. P. 41(b); s*ee Isom v. Indio Mgmt. at the Everly*, No. 4:20-CV-947-SDJ-CAN, 2021 WL 5501786, at *2 (E.D. Tex. Oct. 20, 2021) ("The court recommends the instant suit be dismissed under Rule 41(b) for failure to comply with court Orders and to diligently prosecute."), *report and recommendation adopted*, No.4:20-CV-947-SDJ, 2021 WL 5493377 (E.D. Tex. Nov. 23, 2021).

For the foregoing reasons, Plaintiff's case is **DISMISSED WITHOUT PREJUDICE** as to Defendant HON Partners II LLC pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED**.

**SIGNED** this 6th day of June, 2025.

AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE